UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/12/15__

GEL PROPERTIES, LLC

                Plaintiff,

v.

ONE WORLD HOLDINGS, INC.

                Defendant.

Civil Action No.: 1:15-CV-01217-LGS-JCF

## STIPULATION AND AGREEMENT OF SETTLEMENT

Plaintiff, Gel Properties, LLC (GEP or Plaintiff) and Defendant, One World Holdings, Inc. (OWOO or Defendant) hereby enter into this Stipulation and Agreement of Settlement (the "Settlement Agreement"), subject to the approval of the District Court.

### IT IS HEREBY STIPULATED AND AGREED:

1. OWOO agrees and shall pay to GEP the sum of $98,000.00 in three separate payments and subject to adjustments pursuant to the terms of this Settlement Agreement (the "Payments"), as follows:

    a. OWOO shall pay GEP the first Payment of $20,000.00 on or before May 21, 2015;

    b. OWOO shall pay GEP the second Payment of $45,000.00 on or before July 2, 2015;

    c. OWOO shall pay GEP the third Payment of $33,000.00 on or before August 13, 2015.

2. All Payments shall be made by wire transfer in accordance with the wire transfer instructions provided by GEP via email to jmelton@oneworlddolls.com. GEP and OWOO hereby agree that the

Payments are in settlement in full for all amounts due under the Note - as well as the case GEL Properties, LLC v. One World Holdings, Inc., Civil Action Number: 15 Civ. 1217 (LGS) (SDNY 2015). Upon the receipt by GEP of the Payments and additional amount due under this Settlement Agreement and/or any shares of OWOO pursuant to this Settlement Agreement, the Note shall be deemed fully discharged and GEP shall have waived all rights thereunder in accordance with the release set forth in Paragraph 14 of this Settlement Agreement.

3. OWOO shall begin the process to increase its authorized shares of common stock on or before May 15, 2015 to be effective as soon as possible as permitted under applicable state corporate law and federal securities law. OWOO agrees to file the Amendment with the Secretary of State of Nevada ("Nevada SOS") on or as soon as possible after the approval of the Settlement Agreement.

4. Upon OWOO filing an amendment to its articles of incorporation to increase the number of authorized shares of OWOO common stock (the "Amendment"), OWOO will promptly give notice to its transfer agent to adjust the reserved shares for GEP, in order to maintain a reserve of four (4) times the number of shares of OWOO common stock issuable upon full conversion of the remaining Payments then owed under this Settlement Agreement, with the reserve to be raised as necessary to maintain a reserve of four (4) times the number of shares of OWOO common stock

issuable upon full conversion of the remaining Payments then owed under this Settlement Agreement (based upon the Conversion Price set forth in section 4(a) of the Note). All conversions will be honored by OWOO under the terms provided in the Convertible Redeemable Note between Gel and OWOO (the "Note") including but not limited to under the discount rate provided 4(a) of the Note, and subject to applicable federal securities laws and rules.

5. Upon the filing of the Amendment, OWOO will provide an <u>irrevocable</u> letter to its Transfer Agent, along with an irrevocable acceptance letter from its Transfer Agent, agreeing that neither OWOO nor the Transfer Agent may prevent the issuance of reserved shares to GEP upon the conversion of any remaining Payments to the extent permitted under this Settlement Agreement.

6. As soon as the Amendment is filed with the Nevada SOS, GEP may convert any remaining Payments into shares of OWOO common stock. GEP hereby agrees that with respect to the conversion of any remaining Payments under this Settlement Agreement, (i) such conversion shall be made as stated in the Note, (ii) GEP hereby agrees that with respect to any Payments converted into shares of OWOO common stock ("Conversion Shares"), GEP shall not be entitled to convert the greater of (i) $8,000.00 or (ii) ten percent (10%) of the average trading volume of OWOO common stock for the preceding five (5) trading days (the "Leak Out"). If OWOO

mistakenly honors a conversion that exceeds the Leak Our agreement, the exceeded amount will be applied toward the next conversion by GEP.

7. If OWOO breaches any material provision in this Settlement Stipulation and fails to cure such breach within three (3) business days after GEP has delivered notice thereof to OWOO by email to jmelton@oneworlddolls.com with courtesy copies e-mailed to sbarkats@jsbarkats.com, mblock@jsbarkats.com, and wdauber@jsbarkats.com, OWOO shall deliver to GEP a proxy to vote all shares of OWOO Series AA Preferred Stock, to effectuate the filing of the Amendment and for no other use or purpose thereof ("Series AA Proxy"). Such Series AA Proxy shall be limited solely to approving the Amendment and shall be immediately cancelled once the authorized shares are increased to provide sufficient shares of OWOO common stock to be reserved under Paragraph 4 hereof, or OWOO has paid all Payments due GEP under this Settlement Agreement.

8. In the event that OWOO fails to timely make any Payments in this Settlement Agreement, OWOO shall also pay GEP the full penalty amounts accrued pursuant to the Note up until the date of the signing of this Settlement Agreement in the amount $98,122.60.

9. If all Payments are not timely made and/or shares are not delivered to GEP in a timely fashion, and/or a conversion cannot be honored for any reason, after the approval of the District Court of this Settlement Agreement, OWOO shall deliver the Series AA Proxy to GEP As per

paragraph 7 above. Daily penalties will then start to run as provided in the Note.

10. GEP agrees to give OWOO notice of a failure to receive a Payment by email to jmelton@oneworlddolls.com. Upon Notice, OWOO will have three (3) business days to cure the Payment breach of this Settlement Agreement by making an immediate payment of all past due amounts.

11. GEP agrees to withdraw the request for preliminary injunction against OWOO upon the approval of the District Court of this Settlement Agreement.

12. GEP and OWOO agree that this Court may retain jurisdiction over this matter, and may enter judgment or preliminary relief against OWOO in the event of any failure by OWOO to comply with the terms contained in this Settlement Agreement. If GEP applies to the Court to enforce any provision of this agreement, GEP shall be entitled to any attorneys fees and costs as per the Note.

13. Upon the receipt by GEP of the Payments under this Settlement Agreement (such date being the "Release Effective Date"), and compliance with the provisions contained in this Settlement Agreement, GEP agrees to file a Stipulation of Discontinuance with prejudice and GEP, its affiliates, successors and assigns (collectively, the "Plaintiff Releasors"), each releases OWOO, together with each of its officers, directors, shareholders, members, limited partners, general partners,

representatives, executors, administrators, successors and assigns, affiliates and subsidiaries (together, the "Defendant Releasees"), from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity, which against the Defendant Releasees the Plaintiff Releasors ever had, now have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the Release Effective Date, except for any claim for a breach of this Settlement Agreement, including without limitation all claims relating to, arising from, raised and/or which could have been raised, whether asserted or not asserted in the case GEL Properties, LLC v. One World Holdings, Inc., Civil Action Number: 15 Civ. 1217 (LGS) (SDNY 2015). Upon the Effective Release Date, OWOO releases GEP, together with its officers, directors, shareholders, members, limited partners, general partners, representatives, executors, administrators, successors and assigns, affiliates and subsidiaries from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity, which against OWOO ever had,

now have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the Release Effective Date, except for any claim for a breach of this Settlement Agreement.

14. This Settlement Agreement may be signed in counterparts. A facsimile or PDF format copy of this Settlement Agreement shall have the same force and effect as an original for the purposes of this stipulation only.

15. The Parties agree that Judge Lorna G. Schofield of the Southern District of New York maintains jurisdiction of this matter, including this Settlement Agreement.

Dated:  New York, New York
        May 6, 2015

*[signature]*
Garson, Segal, Steinmetz, Fladgate LLP
By: Michael Steinmetz, Esq.
*Attorneys for Plaintiff*
164 W. 25th Street, Suite 11R
New York, New York 10001
Tel: (212) 380-3623
Fax: (347) 537-4540

*[signature]*
JSBarkats, PLLC
By: Marc Block, Esq.
*Attorneys for Defendant*
18 E. 41st Street, 14 Floor
New York, New York 10017
Tel: (646) 502-7001
Fax: (646) 607-5544

Dated: May 6, 2015
       New York, New York

SO ORDERED

*[signature]*
HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE